IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **OLGA IRIS SANCHEZ,** : | |
|     **Plaintiff,** : | |
| : | |
|     v. : | **CIVIL ACTION NO. 14-5952** |
| : | |
| **CAROLYN W. COLVIN,** : | |
| **Acting Commissioner of the** : | |
| **Social Security Administration,** : | |
|     **Defendant.** : | |
| : | |

### ORDER

**AND NOW**, this 4th day of November 2016, after careful review and independent consideration of the administrative record, and of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey (Doc. No. 18), to which no objections have been filed, it is hereby **ORDERED** that:

    1.    The Clerk of Court is directed to remove this action from the suspense docket and return it to the active docket;

    2.    The Report and Recommendation is **APPROVED and ADOPTED**; and

    3.    This case is **REMANDED** to the Commissioner for further review consistent with the Report and Recommendation, pursuant to the fourth sentence of 42 U.S.C. § 405(g).[1]

---

[1] The Magistrate Judge concluded that the administrative law judge ("ALJ") erred in two respects: (1) by failing to utilize a mandatory "special technique" in evaluating Plaintiff's depression; and (2) by failing to conduct a proper analysis of Plaintiff's fibromyalgia before determining at step four of the applicable five-step process that Plaintiff had the residual functional capacity ("RFC") to perform her past work.

First, the ALJ determined that Plaintiff's depression was not severe because Plaintiff did not submit records demonstrating her mental health treatment, but in reaching this conclusion, the ALJ failed to employ the mandatory "special technique" applicable to mental impairments. Doc. No. 18 at 19-20. This was error. Rather than concluding that Plaintiff's depression was non-severe based on the non-production of medical records, the ALJ was required to (1) evaluate the symptoms, signs, and laboratory findings, to determine whether Plaintiff had a mental impairment; (2) assess the degree of functional limitation imposed by the impairment; (3) determine the severity of the impairment; and (4) incorporate the conclusions in a decision. *See id.* at 17-18 (citing 20 C.F.R. §§ 404.1520a(a)-(e); 416.920a(a)-(e)). And as the Magistrate Judge noted, Plaintiff's failure to produce mental health treatment records does not necessarily mean that her impairment is non-severe, as such records may nonetheless exist and it is incumbent upon the ALJ to develop the record sufficiently to make a disability interpretation. *See* Doc. No. 18 at 21-22. On remand, the ALJ should employ the "special technique," and avoid granting undue weight to Plaintiff's failure to produce mental health treatment records.

Second, the ALJ failed to follow the analytical approach for fibromyalgia set forth in S.S.R. 12-2p. Instead, the ALJ

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

_____

**CYNTHIA M. RUFE, J.**

---

noted that the record confirmed the presence of fibromyalgia, but then conducted an RFC assessment without following the procedures outlined in S.S.R. 12-2p, which require the ALJ to determine whether the findings related to fibromyalgia could reasonably be expected to produce the symptoms alleged, and to evaluate the intensity and persistence of Plaintiff's fibromyalgia-related symptoms. Doc. No. 18 at 25. Because the ALJ's fibromyalgia analysis was deficient, the ALJ's RFC assessment was not supported by substantial evidence. On remand, the ALJ should evaluate Plaintiff's fibromyalgia under the approach set forth in S.S.R. 12-2p.